Complainants are assignees of a certain mortgage executed by defendants, Schultz and others. The mortgage was foreclosed without joining as parties defendant the tenants in possession. A decree was taken against the mortgagors and the property was sold for the nominal sum of $100. The mortgagors opposed the confirmation of the sale, and in a proceeding to fix the fair value of the premises, a master appointed by this court, found that the fair value of the premises was $1,200. Complainants thereafter brought an action at law for the deficiency. The mortgagors interposed as a defense in the action at law that complainant had not exhausted the security because of the fact that they had not joined the tenants in the foreclosure suit. Complainants *Page 96 
thereupon made the present application to the court to restrain the mortgagors from asserting this defense in the action at law.
It is contended on behalf of the complainants that the mortgagors, by bringing the proceeding to fix a fair value of the premises, are estopped from asserting that there was a defect in the original foreclosure suit by reason of the fact that the tenants were not made parties. In my opinion, the proceeding to determine the fair value could not in any way estop the mortgagors, since complainants had the right to foreclose as against the interest of the mortgagors whether or not other possible outstanding interests were foreclosed. The mortgagors therefore had the right to a determination of the fair value of the premises to the extent of such protection as they could obtain, irrespective of whether the complainants had foreclosed against all outstanding interests or not. The fact that there were tenants in possession was not brought out before the master to whom the question of fair value was referred and his determination was not based on any consideration of this element. Therefore it cannot be determined that the full value of the security was credited on the amount of the bond.
Under these circumstances, the defendants are entitled to their defense in the action at law that complainants had not exhausted the security, and the application to restrain defendants from interposing this defense will be denied. *Page 97